June Term, 1860.

MOYER
v.
GUNN.

---

## MOYER vs. GUNN.

Action on a usurious contract. Plea, payment of the principal sum loaned, and usury: *Held*, that the defendant, on proof of such payment, was entitled to the benefit of his plea of usury, under section 6, chapter 61, R. S. 1858.

A counter-claim, unless denied, is admitted.

The practice of proving by a witness the amount computed by him to be due upon a note, when the note itself is before the jury, who can determine for themselves whether the computation is correct or not, is referred to without disapproval.

APPEAL from the Circuit Court for *Pierce* County.

Action by *Moyer* as assignee of a note for $1150, made by

VOL. XII—25

*Gunn* to one Manning, dated June 25th, 1857, payable six months after date, bearing 12 per cent. interest from date. Answer, usury, payment of the principal before suit brought, and a counter claim for $8 30. There was no reply. Upon the trial the counsel for the plaintiff testified that he had computed the amount due upon the note, which he produced, and that there was due upon it, at that time, after deducting the credits indorsed thereon, the sum of $171 76. The defendant objected to the testimony of this witness, and his objection being overruled, excepted. Manning, the payee of the note, and *Gunn* (who was sworn in his own behalf, pursuant to notice), testified that the consideration of the note in suit was $1000, and no more, and that the residue of the sum expressed in the note was added for the forbearance of said $1000, for six months, in addition to the 12 per cent. interest reserved by the terms of the note. *Gunn* also testified that he had paid the plaintiff $1000 on the note before the commencement of the suit, and that the plaintiff was indebted to him in the sum of $8 30, for lumber sold and delivered.

The counsel for the plaintiff thereupon moved the court to strike out all the evidence adduced on the part of the defense, on the ground that it was incompetent, which motion the court sustained, and ruled that the evidence be stricken out and withheld from the jury, and the defendant's counsel excepted.

The court then instructed the jury as follows: "1. That said testimony could not have any weight or force to entitle the defendant to a verdict, or to bar the plaintiff of his action, for the reason that the defendant's answer did not allege a tender of the principal sum loaned, on the day it became due. 2. That proof by the defendant of the usurious contract and payment of the principal sum loaned, is not sufficient to entitle him to a verdict, because payment does not comply with the statute requiring a tender of the principal sum loaned, before pleading usury. 3. That they would find in this case a verdict for the plaintiff for the sum of $171 76, with interest from the 24th day of May, 1858." The defendant excepted to each of said instructions. Ver-

dict for $183 46, and judgment against the defendant on the verdict.

June Term, 1860.

Moyer
v.
Gunn.

July 30.

*J. S. White* and *P. V. Wise*, for appellant.

*Hill & White*, for respondent.

*By the Court*, COLE, J.   As we understand the facts of this case, the note sued upon was produced and offered in evidence on the trial, and the witness Hill only testified to having computed the amount due upon it, over and above the indorsements.   But the note itself was before the jury, who could determine for themselves whether that computation was correct or not.

But we do not understand upon what ground the circuit court withheld from the jury the evidence of the appellant. It appears that notice of his intended examination in his own behalf was given to the opposite party, and there does not appear to have been any objection taken that this notice was not reasonable and sufficient.   He was a competent witness under the statute (chap. 137, R. S.), and his testimony went directly to sustain the defense of usury set up in the answer. We can see no reason for excluding it from the consideration of the jury.   We infer from the charge, that the circuit court supposed this evidence to be inadmissible under the answer, and that it should be stricken from the case, for the reason that the appellant had not alleged in his answer that a tender was made of the principal sum loaned, on the day it became due.   We have, however, held in several cases, that where any person set up usury in an action against him, under section 6, chap. 61, R. S., it was not necessary for him to aver in his answer a tender of the principal sum loaned, but that he would be entitled to the benefit of his defense by proving such tender at any time up to, or even by making the tender upon, the trial (*Platt vs. Robinson;   The Rock River Bank vs. Sherwood*, and other cases unreported).   This is sufficient to show the error the circuit court fell into, in supposing that a tender of the principal sum should be alleged to have been made on the day the note became due.   But there was a still further decisive answer to the view taken by the circuit court of this question of practice, and of the

June Term,
1860.

admissibility of the appellant's testimony. The appellant set up in his answer, and proved by his own testimony on the trial, payment of the principal sum loaned. This would seem to meet and fully overcome the objection which even the circuit court conceived existed to the pleadings, and the competency of this evidence under them. For surely if a party avers and proves payment of the sum loaned, the equity of his case is quite as strong as it would be to prove a tender merely. This appears quite too obvious to need comment. We, therefore, think the circuit court erred in excluding from the consideration of the jury the testimony of the appellant, as well as in its general charge as to the necessity of alleging a tender on the day the sum loaned became due.

There can be no doubt but the appellant was entitled to credit for the amount of the counter claim set up in the answer. He claimed that the respondent was indebted to him in the sum of $8 30, for lumber sold and delivered before the commencement of the suit, and there was no denial of this part of the answer.

The judgment of the circuit court is reversed, and a new trial awarded.